NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1519
_____

EFRAIN PACHECO-MAZETAS,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A201-110-666)
Immigration Judge:  Honorable Walter Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 19, 2013
Before:  RENDELL, FISHER and GARTH, Circuit Judges

(Opinion filed: August 20, 2013)
_____

OPINION
_____

PER CURIAM

Efrain Pacheco-Mazetas petitions for review of a decision of the Board of

Immigration Appeals (BIA).  For the reasons below, we will deny the petition for review.

Pacheco-Mazetas, a citizen of Peru, entered the United States in 2002 without

inspection.  In January 2011, he was charged as removable as an alien present in the

United States without inspection. Represented by counsel, Pacheco-Mazetas applied only for voluntary departure. After a brief hearing, an Immigration Judge (IJ) found him removable and granted him voluntary departure. Appealing pro se, he argued that his former counsel was ineffective for failing to advise him of the availability of asylum and withholding of removal. Without giving any details, he asserted that he had a fear of returning to Peru and requested an opportunity to present a claim. The BIA dismissed the appeal and denied the request to remand the matter. It concluded that Pacheco-Mazetas failed to comply with the procedural requirements of Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988), to support his claim of ineffective assistance of counsel. The BIA rejected his arguments that the IJ failed to properly advise him of all apparent relief from removal. Pacheco-Mazetas filed a petition for review. We have jurisdiction under 8 U.S.C. § 1252.

In his brief, Pacheco-Mazetas argues that he did not knowingly waive his right to apply for asylum, withholding of removal, or relief under the Convention Against Torture (CAT). He asserts that the BIA gave minimal attention to his argument that he was not advised of his right to apply for asylum. Under 8 C.F.R. § 1240.11(c)(1), the IJ is required to inform an alien of his right to apply for asylum or withholding of removal "[i]f the alien expresses fear of persecution or harm upon return to any of the countries to which the alien might be removed." Before the IJ, Pacheco-Mazetas expressed no fear of returning to Peru. Thus, the IJ was not required to inform him of his right to apply for asylum and withholding of removal.

2

Pacheco-Mazetas contends that his attorney was ineffective because he did not explain to him that he was waiving his right to apply for relief. The BIA determined that Pacheco-Mazetas had failed to comply with the requirements of Lozada and denied his request to remand the matter to allow him to apply for asylum. A motion to remand is the functional equivalent of a motion to reopen. Korytnyuk v. Ashcroft, 396 F.3d 272, 282 (3d Cir. 2005). We review the denial of a motion to reopen for an abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006)

Pacheco-Mazetas has not shown that he has complied with any of the requirements of Lozada. He did not set forth in detail the agreement he entered into with the attorney, inform prior counsel of his allegations and give him an opportunity to respond, and file a complaint with the appropriate disciplinary authorities or explain why a complaint was not filed. Lozada, 19 I. & N. Dec. at 639. Pacheco-Mazetas asserts that a proper complaint has been made against his former counsel. However, he does not provide a copy of that complaint or give any details as to when or with whom it was filed. Moreover, he did not mention any such complaint in his brief before the BIA. He appears to concede that the complaint was not made until after the BIA referred to the lack of complaint. Brief at 6 ("Once he realized he needed to make a complaint, he immediately made such a complaint."). The BIA did not abuse its discretion in denying Pacheco-Mazetas's request to remand the matter.

Moreover, we note that Pacheco-Mazetas has not shown prejudice from any ineffective assistance of counsel. He has yet to provide any details of his proposed

3

asylum or withholding of removal claims.

For the above reasons, we will deny the petition for review.