NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-1182

_____

TIO WESLEY LEGORE, a/k/a TIO LEGORE,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a Final Order
Of the Board of Immigration Appeals
(BIA No.: A207-528-982)
Immigration Judge: Leo A. Finston

_____

Submitted Under Third Circuit LAR 34.1(a)
on April 19, 2021

Before: AMBRO, RESTREPO, and RENDELL, <u>Circuit Judges</u>

(Opinion Filed: April 20, 2021)

OPINION[*]

AMBRO, <u>Circuit Judge</u>

When the attorney for petitioner Tio Wesley Legore stopped showing up to his removal proceedings, the Immigration Judge ("IJ") ordered Legore removed. He is seeking a remand to the IJ, claiming his right to counsel and due process was violated. Legore also claims that he was not required to show prejudice because the IJ violated a regulation promulgated to protect his fundamental rights. None of his claims are persuasive. We thus deny the petition for review.

## I.

Legore is a citizen of Jamaica and entered the United States in 2009 on a tourist visa. He overstayed his visa and was placed in removal proceedings in 2018.

Through counsel, Legore denied the removability charge in his Notice to Appear. He stated that he planned to marry his United States citizen fiancée, which would make him potentially eligible for certain forms of relief from removal, but he could not do so because the fiancée was still a minor. The IJ granted multiple continuances based in part on counsel's promise that Legore would soon marry his fiancée after she turned 18. But there is no record evidence that Legore and his fiancée ever married.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

At a later hearing, the IJ asked Legore's counsel if he would be filing an asylum application and stated that it would have to be filed at the next hearing. Counsel said he would have to investigate to determine if asylum would be appropriate. However, counsel did not show up at the next hearing or the hearing after that. The IJ concluded Legore was unrepresented, deemed all his applications for relief abandoned, and ordered his removal.

Through new counsel, Legore appealed to the Board of Immigration Appeals ("BIA"), arguing the IJ violated his right to counsel and due process rights by failing to continue his case when his attorney failed to appear. The BIA dismissed the appeal. It concluded that, although Legore's counsel let him down, he was not denied the right to counsel or the opportunity to obtain counsel of his choice. It also noted that Legore had not brought an ineffective-assistance-of-counsel claim. It further determined Legore was not prejudiced by any error on the part of the IJ even if the IJ should have continued the proceedings to allow Legore to prepare his own applications. Legore filed a petition for review in February 2020 and was deported to Jamaica in May 2020.[1]

**II.**

Legore raises three arguments. None has merit.[2]

1. **Right to Counsel**

---

[1] We grant the Government's motion for leave to file a supplemental appendix. It shows that the BIA denied Legore's motion to reopen in order to apply for asylum. But as Legore has not argued on appeal that the BIA erred in denying his motion to reopen, we do not address this issue.

[2] The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3). We have jurisdiction under 8 U.S.C. § 1252(a)(5).

3

First, Legore argues the IJ violated his right to counsel. "It is well-established that an alien at an immigration hearing has some form of right to counsel." *Ponce-Leiva v. Ashcroft*, 331 F.3d 369, 374 (3d Cir. 2003). But Legore was not denied this right. He had representation at four different hearings. At his final two hearings, Legore's attorney failed to appear—but Legore does not argue that counsel lacked notice of the hearings or otherwise had a valid reason for this failure. *See* A.R. at 45 (noting the date of the next hearing with Legore's counsel present). Thus, he was not denied the right to counsel. Rather, his attorney simply failed to come through for him. And we have already held that a noncitizen's right to counsel is not violated when counsel knew of his obligations but failed to appear for proceedings. *See Ponce-Leiva*, 331 F.3d at 376. If counsel had a good reason for failing to appear, he had a duty to explain himself. *See id.* (concluding that even when there is no evidence of bad faith on counsel's part, "the onus [is] on counsel to provide an adequate reason for his failure to appear").

## 2. Right to Due Process

Legore also argues that by proceeding with the final hearing outside the presence of counsel, the IJ deprived him of his constitutional right to a fundamentally fair hearing. We review this issue *de novo*. *Leslie v. Att'y Gen.*, 611 F.3d 171, 175 (3d Cir. 2010). "A petitioner claiming a procedural due process violation because he was not afforded the opportunity to argue on his own behalf is required to show '(1) that he was prevented from reasonably presenting his case[,] and (2) that substantial prejudice resulted.'" *Serrano-Alberto v. Att'y Gen.*, 859 F.3d 208, 213 (3d Cir. 2017) (alteration in original) (quoting *Fadiga v. Att'y Gen.*, 488 F.3d 142, 155 (3d Cir. 2007)). A petitioner proves substantial

4

prejudice by "showing that the infraction has the potential for affecting the outcome of" the removal proceeding. *Serrano-Alberto*, 859 F.3d at 213 (internal quotation marks and emphasis omitted).

Legore has not demonstrated that he suffered any prejudice from the IJ's failure to give him a chance to find new counsel or continue the hearing to give him a chance to file a *pro se* application for relief. Specifically, Legore has not met his burden of proving the IJ's conduct affected the outcome of his proceedings because he has not shown even that he would potentially be eligible for any kind of relief. The only reference to a potential asylum claim in the record from Legore's initial removal proceedings was a statement in Legore's notice of appeal that political gangs killed his grandmother. *See Cham v. Att'y Gen.*, 445 F.3d 683, 693 (3d Cir. 2006) ("An applicant cannot rely solely on the persecution of [his] family members to qualify for asylum." (internal quotation marks omitted)). But Legore has not argued this claim on appeal.[3] Plus he has provided no evidence that he married his fiancée. Thus the denial of a continuance had no potential to affect the outcome of the removal proceeding. In this context, we discern no denial of due process.

### 3. 8 C.F.R. § 1240.11(c)(1)

Finally, Legore argues the IJ violated 8 C.F.R. § 1240.11(c)(1) by not advising

---

[3]In his motion to reopen, which he has not appealed, Legore requested that the BIA exercise its *sua sponte* authority to permit him to file an asylum application on the ground that he would be persecuted in Jamaica for being bisexual. But Legore admitted that he purposely did not raise this issue before the IJ in his initial removal proceedings and had only "recent[ly]" disclosed his sexual orientation to his attorney. *See* Supp. App. at 1. Thus the IJ's failure to grant a continuance in Legore's initial proceedings did not affect his ability to seek asylum on that basis. And Legore does not argue on appeal that he is eligible for asylum because of his sexual orientation.

him that he could file an asylum application without his attorney.[4]  By violating this regulation, Legore argues he was not required to show prejudice.  *See Leslie*, 611 F.3d at 180.  We review this issue *de novo*.  *Id.* at 175.  In part, the regulation states that "if the alien expresses fear of persecution or harm upon return to any of the countries to which the alien might be removed[,] . . . the [IJ] shall . . . [a]dvise the alien that he or she may apply for asylum . . . ." 8 C.F.R. § 1240.11(c).

This regulation is not implicated here.  The record does not show Legore ever expressed to the IJ in his initial removal proceedings a fear of returning to his home country.  *See Pacheco-Mazetas v. Att'y Gen.*, 532 F. App'x 203, 204 (3d Cir. 2013) (concluding that because the petitioner never expressed a fear of returning to his home country, the IJ was not required to inform him of his right to apply for asylum).  Moreover, the IJ provided some protection under the regulation.  He specifically asked counsel if Legore would be filing an asylum application, and counsel indicated he might. Because Legore was present at that hearing via videoconference, he should have been aware asylum relief was available.  And even after he failed to submit his asylum application by the IJ's clear deadline, the IJ gave him another continuance before deeming his application abandoned.  Legore therefore had ample opportunities to seek asylum relief if he so chose.

\*       \*       \*       \*       \*

For these reasons, we deny the petition for review.

---

[4] The Government argues that we lack jurisdiction over this claim because Legore did not exhaust it before the BIA.   Because he does not prevail on this issue, we assume without deciding that he exhausted this claim.